UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROGER L. MORRIS, | ) | CASE NO. 3:11 CV 910 |
| Petitioner, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) ) | AND ORDER |
| Respondents. | ) ) | |

On May 9, 2011, petitioner *pro se* Roger L. Morris filed the above-captioned *in forma pauperis* petition for writ of habeas corpus under 28 U.S.C. § 2254. When this case was filed, Morris was a pretrial detainee in the Allen County Jail awaiting trial on the charge of assault on a peace officer. The petition asserts he was being been denied a speedy trial on that charge. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

As a threshold matter, it is evident on the face of the petition and exhibits that Morris did not properly raise the speedy trial issue in the state court, a prerequisite to federal habeas relief.[1]  *See, e.g., Mannes v. Gillespie*, 967 F.2d 1310, 1316 n.6 (9th Cir. 1992), *cert. denied*, 113 S.Ct. 964

---

[1] While Morris filed a state habeas motion, Ohio habeas actions are only appropriate to challenge basic jurisdiction. Ohio Rev.Code § 2725.05.

(1993); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). Further, it is a matter of public record that he pled to a reduced charge on June 27, 2011, thereby waiving any speedy trial claim.[2] *Tollett v. Henderson*, 411 U.S. 258 (1973).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

      IT IS SO ORDERED.


Dated: August 5, 2011            *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[2]   See, *State of Ohio v. Morris*, Case No. CR 2011 0074, www.co.allen.oh.us/commonpleas/ccom.php